PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. ENRIQUE SUED, Defendant and Appellant.

No. 3453. Argued February 15, 1929.—Decided July 26, 1929.

C. Domínguez Rubio and E. Anglade, for appellant. José E. Figueras, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant herein and the defendants in seven other cases were charged with violations of "An Act providing punish-

ment for the adulteration of milk and for other purposes,'' Laws of 1925, 558, and appeal from judgments of conviction. The eight cases have been submitted in one brief for appellants and in another for the people.

In each case, either upon inquiry as to whether the parties were ready for trial or after the reading of the information, counsel for defendant moved for an investigation by the court in order to ascertain whether or not the procedure indicated by section six of the Health Regulations, number 53, of May 10th, 1917 had been followed as a preliminary step to the filing of the information. The subject matter of the proposed investigation was one peculiarly within the knowledge of the defendants in each instance and no investigation was necessary in order to ascertain the facts. There was no demurrer to the complaint, and no ground upon which to base a demurrer. The questions involved in the proposed investigations were entirely immaterial in a prosecution for a violation of the law of 1925. In any event the motion came too late when presented at the opening of the trial, long after the arraignment whereat ample time was given to plead to the information and long after a plea of not guilty had been entered.

Another contention raises the same question that was presented and decided in *People* v. *Echevarría,* 34 P.R.R. 751, where this court held (to quote the headnote) that ''if milk is shown to be adulterated by one method of analysis, the fact that another method does not give the same result is no reason for not concluding that the accused committed the offense of adulterating the milk.''

A third ground of appeal is that the court below erred in excluding a letter and certain newspapers offered in evidence. The newspapers contained an announcement of a new standard fixed by the Department of Health. They were not admitted upon the theory that a certified copy of the new rule would be the better evidence. Defendant then tendered a carbon copy of a letter addressed to the Director of Health

requesting such certified copy. The writer of the letter testified that he had received no reply, and that the board of of health had received no reply to a similar request. This evidence was offered for the purpose of showing the date upon which the first public announcement of the new regulation was made. In the absence of anything to show that this evidence was material, the error, if any, in excluding it was harmless.

Another question goes to the admissibility of the testimony of Dr. Del Valle Sárraga and of a report made by him. The objection to this evidence was that the procedure followed at the time of its admission was not in conformity with a previous order of the court directing an examination and chemical analysis to be made by two chemists in the presence of doctor Del Valle as presiding expert (*perito en discordia*) and providing for a report of the result. The testimony of doctor Del Valle amounted to but little more than an identification of the report and the presentation of an opportunity for cross-examination by defendant. The report made was a substantial compliance with the previous order acquiesced in by counsel for defendant, and the objection made at a subsequent hearing came too late.

The final argument of appellants is that the evidence did not warrant a conviction.

One theory is that milk, even though diluted, is within the law if the total percentage of water contained therein does not exceed the maximum fixed by the health regulations. We can not concur in this view. The offense as defined by statute is the adulteration or dilution of milk, or the keeping or offering for sale, or the selling, or the transportation of such milk. Section 2 of the law, (Session Laws 1925, p. 560) provides that "the standard grade of milk shall be fixed by the Commissioner of Health of Porto Rico and published for a general knowledge in such newspapers having the greatest circulation in the Island as said Commissioner may determine."

It does not follow, however, that milk is undiluted or unadulterated merely because the amount of water added thereto does not increase the total percentage of water contained therein beyond the maximum specified in the official standard. The purpose of the law is to punish the selling, offering, or keeping for sale of diluted or adulterated milk, not to authorize or to sanction the selling, offering or keeping for sale of milk diluted or adulterated within certain prescribed limits.

The final contention of appellants is that the conclusions reached by the government chemist are untrustworthy because they are based upon a tentative hypothesis. Here the argument rests upon isolated extracts from a jumble of words on cross-examination. By a certain chemical process or method of analysis the government expert had reached the conclusion that in several of the cases milk which measured up to the official standard was in fact diluted. Thus in one case where the milk contained only eighty-seven percent of water the conclusion was that nine per cent of water had been added thereto. The maximum of water permitted by the health regulations is eighty-eight per cent. Assuming that the milk, before it was diluted, contained a certain percentage of water, the chemist, if we understand his testimony, was attempting to show that the addition of nine per cent of water would give a certain result. He confessed ignorance as to the exact percentage of water contained in the milk as it came from the cow and pointed out that the important question was not the original condition of the milk but rather its condition at the time it was placed on sale, as disclosed by the chemical analysis. That analysis showed that water had been added. The percentage of water contained in the milk before dilution was immaterial. There was evidence tending to show that the method of analysis employed was absolutely reliable. We can not say that the court below erred in finding that in every instance the milk had been diluted.

The judgment appealed from must be affirmed.